## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:      **John L. Smith,**                    : **Chapter 13**
                         **Debtor**                    : **Case No. 24-13327-amc**

## STIPULATION IN SETTLEMENT OF MOTION TO IMPOSE STAY AS TO THE
## DELAWARE COUNTY TAX CLAIM BUREAU

It is hereby stipulated by and between Debtor John L. Smith and the Delaware County Tax Claim Bureau that Debtor's Motion to Impose Automatic Stay is resolved as to the Delaware County Tax Claim Bureau as follows:

1. Debtor John L. Smith ("Debtor") filed a Chapter 13 case at 24-13327-amc on September 18, 2024.
2. Debtor owns two parcels of real estate being commonly referred to as 3805 State Road, Upper Darby Township bearing folio number 16-10-01561-00 and 0 State Road, Upper Darby Township bearing folio number 16-10-01560-00 (individually and collectively referred to as the "subject property").
3. In Debtor's case at 23-12838, the Delaware County Tax Claim Bureau ("Tax Claim Bureau)" filed a Motion for Relief which was settled via a Stipulation of Settlement with Debtor and contained certain provisions which prevented the Automatic Stay from being imposed upon the Tax Claim Bureau in future cases except in certain circumstances.
4. The Debtor and the Tax Claim Bureau (collectively referred to as the "Parties") hereby seek to resolve Debtor's Motion to Impose the Automatic Stay as to the Tax Claim Bureau by agreeing to certain terms and conditions as set forth below:
   a. The Automatic Stay provided by §362 of the Bankruptcy Code shall be imposed upon the Tax Claim Bureau upon the Court's approval of this Stipulation of Settlement and subject to the terms and conditions herein;
   b. Debtor must have the subject property listed with a licensed real estate agent on or before October 31, 2024;
   c. Debtor must close on the sale of the subject property on or before May 31, 2025; **and**
   d. **The Tax Claim Bureau has <u>limited</u> relief from the Automatic Stay, upon approval of this Stipulation, to process and schedule the subject property for tax sale but <u>cannot sell the subject property until relief is granted upon further order of the Court.</u>**
5. If Debtor fails to comply with the requirements in Paragraph 4 above or pay the real estate taxes due on the subject property in 2024 or any subsequent tax year then the Tax Claim Bureau shall send Debtor and Debtor's Counsel a written Notice of Default of the Stipulation. If the Debtor fails to cure said default within fourteen (14) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting *in rem* relief from the Automatic Stay under §362 (d)(4) and

2

provide that if the **Order granting *in rem* relief is recorded in compliance with applicable state laws governing notices of interests or liens in real property, the Order shall be binding in any other case under this Title purporting to affect the Property filed within two (2) years from the date of the Order, such bankruptcy filings shall not trigger the automatic stay under 11 U.S.C. §362(a) as to the subject property, unless the debtor in that subsequent case obtains a further order of this court, based upon changed circumstances or for good cause shown.**

6.  In the event Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, Debtor shall cure all arrears within fourteen (14) days of the date of the conversion in order to bring Debtor's Real Estate Taxes current.    Should Debtor fail to bring the Real Estate Taxes current, Movant shall send Debtor and Debtor's Counsel a written Notice of Default of the Stipulation.    If the default is not cured within fourteen (14) days from the date of notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting *in rem* relief from the Automatic Stay under § 362 (d)(4) with the conditions set forth in Paragraph 5 above.

7.  Debtor agrees that if the Bankruptcy case is dismissed for any reason, the Movant shall be **immediately** granted *in rem* relief from the Automatic Stay pursuant to 11 U.S.C. §362 (d)(4) as to the subject property. The parties agree that an Order dismissing the bankruptcy case shall be an order granting immediate relief from the Automatic Stay and Co-Debtor Stay. Upon request of Movant, the Court shall enter an Order granting Movant *in rem* relief from the Automatic Stay **and Co-Debtor Stay** pursuant to 11 U.S.C. §362.

8.  **THE PARTIES AGREE THAT IF RELIEF IS GRANTED TO MOVANT, NO FUTURE BANKRUPTCY CASE FILED BY ANY PARTY WITHIN TWO (2) YEARS OF THE DATE OF RELIEF SHALL ACT AS AN AUTOMATIC STAY AS TO THE SUBJECT PROPERTY AND THE DELAWARE COUNTY TAX CLAIM BUREAU UNLESS THE DEBTOR IN THAT SUBSEQUENT CASE OBTAINS A FURTHER ORDER OF THIS COURT, BASED UPON CHANGED CIRCUMSTANCES OR FOR GOOD CAUSE SHOWN.**

9.  That in the event of Default of this Stipulation, it is specifically agreed that the Stay provided by Bankruptcy Rule 4001(a)(3) is expressly waived by the Debtor. The Stay provided by Bankruptcy Rule 4001(a)(3) being waived, the Movant may immediately enforce and implement this Order.

10. The parties agree that a facsimile signature shall be considered an original signature.

**\*\* SIGNATURE PAGE FOLLOWS\*\***

3

Respectfully submitted,

Dated:    10/21/2024          BY:    /s/ Stephen V. Bottiglieri
                                   _____
                                   Stephen V. Bottiglieri, Esquire
                                   Attorney for Movant

Dated: 10/21/24              BY: _____
                                   Brad J. Sadek, Esquire
                                   Attorney for Debtor

Dated: 10|21|24              BY: _____John L. Smith_____
                                   John L. Smith, Debtor

Dated: 10|21|24              BY: _____Ivi L. Robinson_____
                                   Ivi Linn Robinson, Non-Filing Co-Debtor


**WITHOUT PREJUDICE TO ANY RIGHTS AND
REMEDIES OF THE CHAPTER 13 TRUSTEE**


Dated: 10/22/2024            BY: _/s/ Jack K.Miller, Esquire *for*_
                                   Kenneth E. West, Chapter 13 Trustee


4